## WILLIAM J. HOOPER AND OTHERS, TRUSTEES *vs.* ROBERT TYNES SMITH, ADMR. OF GEORGIANA I. SMITH.

*Construction of Will—Life Estate—Termination of Trust —Description of Legatee—Remainders.*

A testator bequeathed certain property in trust for the benefit "*per capita* for their natural lives only of all my granddaughters living at the time of my decease who shall reach the full age of twenty-one years, and the surviving issue, if such there be, absolutely of any one or more of my said granddaughters who shall die in my lifetime or subsequently but under said age of twenty-one years, such issue, however, to take the share or shares only to which their parent would have been entitled had she or they survived me and attained to said age. Upon the decease of such my respective granddaughters then in trust as to the share in said stocks of each so dying to the surviving child or children and surviving issue, if any, then deceased child or children of such my granddaughter so dying, absolutely

*per stirpes.* And in default of any such surviving child or issue then upon trust to and for the surviving sister or sisters and the surviving issue of any deceased sister or sisters of such granddaughter so dying, absolutely *per stirpes;* and in default of any such surviving sister or issue of a deceased sister then upon trust for all my then surviving granddaughters and surviving issue of any of my then deceased granddaughtcrs, absolutely; such granddaughters taking equally *per capita* and such surviving issue of deceased ones representing their mothers and taking what would have fallen to them had they survived. And as to the income accruing upon such stocks on the contingent or presumptive share or shares of such of my respective granddaughters as shall be under the aforesaid age of twenty-one years, the whole or any part thereof may be appropriated by the trustees for her or their maintenance and education, and so much of said income as shall not be so applied shall be accumulated and added to the principal of the respective shares and disposed of ultimately in the same manner as the principal." *Held:*

1. That the granddaughters do not take absolutely, upon attaining 21 years of age, the shares given to them, but have only equitable life estates therein.

2. That the granddaughters of the testator born since his death do not take any interest in the property either as first takers or by way of remainder after the death of a sister.

3. That while under the age of twenty-one years a granddaughter is only entitled to have the income of her share appropriated for her support and education, and after attaining the age of twenty-one each granddaughter is entitled to the entire income on her share and on the accumulated income that had not been expended for her maintenance.

4. That upon the death of a granddaughter leaving issue, such issue takes her share absolutely and the trust ceases.

5. That upon the death of a granddaughter without issue, then her share passes absolutely and discharged of the trust to her surviving sisters or their issue, or if there be no sisters then her share passes to the testator's surviving granddaughters *per capita* and the issue of any then deceased.

Appeal from a *pro forma* decree of the Circuit Court of Baltimore City, construing the second clause of the last will of Wm. E. Hooper, late of said city, deceased. The sixth and twelfth clauses of said will were construed by this Court in the case of *Hooper* v. *Felgner*, 80 Md. 262.

The property passing under the clause of said will, construed in this case, was appraised at $184,606. The children of testator's daughter, Mary E. Smith, were: (1.) Catharine B. Smith, who departed this life January 21, 1886, aged about two years. (2.) Georgiana I. Smith, who departed this life January 29, 1898, over twenty-one years of age, unmarried, intestate and without issue; the appellee being her father and her administrator. (3.) Mary H. Smith, who is now under twenty-one years of age, unmarried and without issue.

The Circuit Court of Baltimore City, upon the *ex parte* petition of the appellants, passed an order on the 28th day of March, 1888, assuming jurisdiction of the trusts created under the second clause of the will, and the appellants have ever since been administering their trust under the Court's direction and control. By their petition filed May 31, 1898, the appellants show that since the death of Catharine B. Smith, in January, 1886, and until May 15, 1895, they paid over for the support and maintenance of her surviving sisters, Georgiana I. Smith and Mary H. Smith, the income derived from the one-eighteenth part of the stocks passing under the second clause of the will held in trust for her, and that since the last mentioned date the income of that share has accumulated, which said accumulations amounted on the 15th of April, 1898, to $1,408.83. In their said last mentioned petition the appellants prayed the Court to construe the second clause of the will, and to direct what disposition should be made of the three-eighteenths parts of the stocks so held in trust by them for the three granddaughters of the testator above named, and of the accumulated income on one of those shares.

Upon this petition the Circuit Court decreed *pro forma* as follows:

(1.) That Catharine B. Smith having died under the age of 21 years, and without issue, the $\frac{1}{18}$ part of the said stocks which were so held in trust for her, devolved upon the appellants in trust for her surviving sisters, Georgiana I. Smith and Mary H. Smith, and should be ultimately disposed of as hereinafter mentioned.

(2.) That Georgiana I. Smith having died after she reached the age of 21 years, intestate, unmarried and without issue, was entitled at the time of her death absolutely to the $\frac{1}{18}$ part of the stocks held in trust for her, and $\frac{1}{2}$ of the $\frac{1}{18}$ part of said stocks theretofore held in trust for Catharine B. Smith, and $\frac{1}{2}$ of the accumulated income thereon, and that the same devolved upon the appellee, her administrator.

(3.) That Mary H. Smith, being under the age of 21 years, unmarried and without issue, the appellants should continue to hold in trust for her the $\frac{1}{18}$ part of the stocks heretofore held for her, as also $\frac{1}{2}$ of the $\frac{1}{18}$ part of said stocks which had been held for her sister, Catharine B. Smith, together with its proportion of the accumulated income above mentioned, with direction to pay over the same to Mary H. Smith, absolutely, upon her reaching 21 years of age; with power in the meantime to expend said accumulated income for her maintenance and education, should it become necessary and proper in their judgment to do so.

(4.) That should, however, Mary H. Smith depart this life under 21, leaving issue, then the appellants are directed to deliver and pay over the stocks and income so held, to such issue absolutely.

(5.) That in the event of Mary H. Smith dying under the age of 21 and without issue, the appellants are directed to pay over the said principal and accumulated income, discharged of said trust, " to the then surviving granddaughters of the said testator and the surviving issue of his then deceased granddaughters absolutely; such granddaughters taking equally *per capita*, and such surviving issue of deceased ones representing their mothers, and taking what would have fallen to them had they survived."

The cause was argued before McSHERRY, C. J., BRIS-
COE, PAGE, ROBERTS, BOYD and PEARCE, JJ.

*Frank Gosnell* (with whom was *T. M. Lanahan* on the
brief), for the appellants.

*Charles E. Hill*, for the appellee.

PAGE, J., delivered the opinion of the Court.

The questions in this appeal arise upon the construc-
tion of the second clause of the will of the late W. E.
Hooper.   Mr. Hooper died in the year 1885, leaving
children and eighteen granddaughters.   Among the lat-
ter were Catherine B. Smith, Georgiana I. Smith and
Mary H. Smith, children of his daughter, Mary E.
Smith.

Catharine died in January, 1880, aged about two years.
Georgiana died in January, 1898, over twenty-one years
of age.   Mary is still living and under twenty years of
age.   The second clause of his will is as follows:

" 2nd. I give and bequeath unto my four sons, Wil-
liam J. Hooper, Theodore Hooper, James Edward
Hooper and Alcæus Hooper, and the survivors and
survivor of them and the executors or administrators of
the survivor, all other my stocks, whether city, State,
national, bank, or of whatever kind or description such
stocks shall be, of or to which I shall die possessed or
entitled, upon trust for the sole and separate use and
benefit, *per capita* for their natural lives only, of all my
granddaughters living at the time of my decease, who
shall reach the full age of twenty-one years, and of the
surviving issue, if such there be, absolutely, of any one
or more of my said granddaughters who shall die in my
lifetime or subsequently, but under said age of twenty-
one years, such issue, however, to take the share or
shares only to which their parent, or respective parents,
would have been entitled, had she or they survived me
and attained to said age.   Upon the decease of such
my respective granddaughters, then in trust, as to the
share in said stocks of each so dying, to the surviving

child or children, and surviving issue of any then deceased child or children of such my granddaughters so dying, absolutely, *per stirpes*. And in default of any such surviving child or issue then upon trust to and for the surviving sister or sisters, and the surviving issue of any deceased sister or sisters of such granddaughter so dying, absolutely, *per stirpes;* and in default of any such surviving sister or issue of a deceased sister then upon trust for all my then surviving granddaughters, and surviving issue if any of my then deceased granddaughters absolutely; such granddaughters taking equally, *per capita,* and such surviving issue of deceased ones representing their mothers and taking what would have fallen to them had they survived.

" And to the income accruing upon such stocks on the contingent or presumptive share or shares of such of my respective granddaughters as shall be under the aforesaid age of twenty-one years the whole or any part thereof may be appropriated by the trustees for her or their maintenance and education; and so much of said income as shall not be so applied shall be accumulated and added to the principal of the respective shares and disposed of ultimately in the same manner as the principal."

The purpose of the testator in this clause was to provide for his granddaughters by giving them the income of their respective shares, during life, and by securing the principal fund to their issue after their deaths. It cannot be successfully contended, we think, that he intended to give them an absolute estate in any part of the fund, except such as might devolve upon them under the operation of the limitations subsequently expressed in another part of the clause. The words of the testator are unmistakable—the trustees are to hold in trust for the separate use and benefit of the granddaughters, for " their natural lives only." But these words cannot apply to the " surviving issue " referred to in the first paragraph of the clause, because as will appear later on, the testator has employed such definite and clear terms as to them that such a construction is not possible. The

testator has declared that the trust was created for the sole use and benefit of his granddaughters living at the time of his death and of the surviving issue of " any one or more " of his " said granddaughters " who shall die in his lifetime or subsequently, and no one who does not come within the classes thus described can be entitled to a share of the funds.    Therefore, granddaughters born since the death of the testator cannot take, either as first takers or by way of remainder.

The testator in the latter part of the clause, in refer-ring to the shares of such of his granddaughters " as shall be under the aforesaid age of twenty-one years," calls them " the contingent or presumptive shares "; and he directs that the income on these shares " may be appropriated by the trustees for her or their mainten-ance and education."    So much of the said income as shall not be so applied, is to be " added to the principal of the respective shares and disposed of ultimately in the same manner as the principal."    Now, bearing in mind the words in the earlier part of the clause—" for the sole and separate use and benefit *per capita* for their natural lives only, of all my granddaughters living at the time of my decease "—it is clear that he intended that a granddaughter under age should be entitled while un-der the age of twenty one years only to have the income on her share appropriated to her maintenance and edu-cation; and that she should be entitled to receive the entire income on her share and on the accumulated in-come (that had not been applied to her support and edu-cation) only after she had passed that age.

There is also an intent to be gathered from the clause that the trust should continue only during the life of the granddaughter.    The first paragraph declares that the trust is for the benefit of granddaughters and " surviv-ing " issue.    But the latter are to take, " absolutely," and if that is so, the trustees would have no longer any active duty to discharge and the trust would cease. *Hooper* v. *Felgner*, 80 Md. 272.

It is also apparent that the testator intended that the share of each granddaughter should devolve upon the

children or issue of the taker of the life interest. It is provided that upon the decease of any one of his grand-daughters her share shall pass, absolutely, 1st to her surviving child or children *per stirpes*, and the surviving issue of any then deceased; and if there be none, then 2nd to her sister or sisters and the surviving issue of any deceased sister of such granddaughter, *per stirpes*. The share is to be kept in the branch of the family to which the deceased granddaughter belonged, if at the period of her death any of those mentioned survive. If, however, there survive no child or children or issue thereof, no sister or sisters or issue thereof, then it devolves equally, *per capita*, absolutely upon all his then surviving granddaughters and the surviving issue of any of his then deceased granddaughters, such surviving issue of deceased granddaughters " representing their mothers and taking what would have fallen to them had they survived."

Now let us apply these results of our examination of the clause to the existing facts. 1st. It is clear that upon the death of Catharine, the one-eighteenth part held in trust for her, devolves upon her two sisters, Georgiana and Mary, " absolutely " and clear of the trust.

2nd. Georgiana at her death held, therefore, one-eighteenth part of the trust funds for life subject to the limitations of the will; also the one-half of Catharine's share, or one thirty-sixth of the entire fund, absolutely and clear of the trust, and this is now vested in her administrator clear of the trust created by the will.

3rd. Mary, who now survives, is entitled to her share of one-eighteenth part, which is subject to the trust; the one thirty-sixth part that came to her on the death of Catharine, and two thirty-sixths part on the death of Georgiana, and the two last items she holds absolutely free, clear and discharged of the trusts of the will.

The accumulated income must be added to the principal and distributed in like manner.

The trustees should therefore be required to pay over to the administrator of Georgiana the one thirty-sixth part of the trust funds with the accumulated funds, and

to the guardian of Mary three thirty-sixths part, with
accumulated interest, and retain the one-eighteenth part
with its proportions of accumulated interest, to be ad-
ministered by them according to the provisions of the
will, as herein stated.

Inasmuch as the decree does not require this to be
done, it must be reversed and the cause remanded for a
new decree in accordance with the views herein ex-
pressed.

*Decree reversed and cause remanded,*
*costs to be paid out of the fund.*

(Decided December 20th, 1898.)